Reed *v*. Reed.

*Dyer & Whitcomb*, in support of the exceptions.

In all civil actions, a preponderance of testimony is all that is required. 3 Greenl. Ev., § 29. The declaration is in usual form. Am. Prec., 361. In actions for libel, the allegation that defendant "maliciously intending to hurt, injure," &c., is always used. Am. Prec., 395. See also Am. Prec., 373, 424. Statute penalty does not affect the common law remedy. R. S., c. 26, § 18. The words "intending to injure," &c., should be regarded as surplusage. 1 Greenl. on Ev., § 51.

*E. F. Pillsbury*, for the defendant.

———◆———

JUDE REED, *Adm'r*, *versus* JOHN REED.

By virtue of the Public Laws of the United States, c. 9, § 6, of 1861, and c. 144, §§ 1 and 3, of 1862, the father, (if resident in the U. S.,) of a deceased volunteer soldier is entitled to his arrears of pay and bounty.

And the soldier had no right to dispose of either by will.

Congress has a right to prescribe and determine what pay and bounty shall be given to a soldier, and to whom, in the case of his death, the arrears shall be paid.

By enlisting after the passage of these laws, the volunteer entered into a contract, the terms of which had been established by Congress, and to which he assented by the act of his enlistment.

ON FACTS AGREED.

ASSUMPSIT by a legatee in the last will and testament of John W. Reed, son of the defendant, to recover the arrears

Reed *v.* Reed.

of pay and bounty of the testator, obtained by the defendant from the U. S. government since the decease.

The testator devised to the plaintiff certain specific property named, " also all money that I may have at my decease," &c. The will was duly proved, approved and allowed.

The remaining facts appear in the opinion.

*H. L. Whitcomb,* for the plaintiff, contended, —

That the descent of this property should be governed by the laws of this State. Somebody must represent deceased party in obtaining it from the government; and if the deceased had made no different disposition of it by will, the heir might retain it. If the Act of Congress had provided the application should be made by an executor or administrator, it would not be contended he could hold it. Bounty was offered when deceased enlisted, and is an element of the contract, and the arrears and bounty are as much a debt due as if contracted with an individual. The law appoints the father to draw the money to save expense and trouble of taking out letters of administration. Soldier can dispose of his back pay and bounty by will otherwise than the Acts of Congress provide. Sewall on Pensions, Bounty and Prize Laws, 37. The Acts of Congress are unconstitutional. The right of a citizen of Maine to control the disposition of his property after his decease, by will duly executed, &c., was never surrendered to the Federal government.

*Philip H. Stubbs,* for the defendant.

APPLETON, C. J. — John W. Reed, a son of the defendant, was mustered into the military service of the United States on Aug. 14, 1862, and continued in said service until his death, on Jan. 6, 1863, leaving neither wife nor children. Before his death he left by will all his personal property to the plaintiff. After his decease the defendant received from the government of the United States seventy-five dollars as the proceeds of the pay due his son, exclusive of the expenses of its collection.

Reed *v.* Reed.

By the Act of Congress, approved July 22, 1861, c. 9, § 6, it is provided, "that any volunteer who may be received into the service of the United States under this Act, and who may be wounded or otherwise disabled in the service, shall be entitled to the benefits which have been or may be conferred on persons disabled in the regular service; and the widow, if there be one, and, if not, the legal heirs of such as die or may be killed in service, in addition to all arrears of pay and allowances, shall receive the sum of one hundred dollars."

By the Act approved July 11, 1862, c. 144, § 1, an appropriation is made "for payment of the bounty to widows, children, fathers, mothers, brothers and sisters of such volunteers as may have died or been killed or may die or be killed in the service authorized by the above recited Act; (c. 9, approved July 22, 1861,) provided that said bounty shall be paid to the following persons, and in the order following, and *to no other person*, to wit:—First, to the widow of such deceased soldier, if there be one. Second, if there be no widow, then to the children of such deceased soldier, share and share alike. Third, if such soldier left neither a widow, or child or children, then, and in that case, such bounty shall be paid to the following persons, provided they be residents of the United States, to wit:—First to his father, or, if he shall not be living, or has abandoned the support of his family, then to the mother of such soldier; and if there be neither father nor mother as aforesaid, then such bounty shall be paid to the brothers and sisters of the deceased soldier, resident as aforesaid."

It is provided by § 3, "that that part of the sixth section of the Act above recited (c. 9, approved July 22, 1861,) which *secured* to the widow, if there be one, and, if not, to the legal heirs of such volunteers as die or may be killed in the service, *in addition to all arrears of pay and allowances*, a bounty of one hundred dollars shall be held to apply to those persons who have enlisted in the regular forces since the first day of July, 1861, or shall enlist in the regular

forces during the year 1862, *and be paid to the heirs named in this Act*, and that the bounties herein provided for shall be paid out of any money appropriated for bounty to volunteers."

John W. Reed enlisted as a volunteer after the passage ·of the Acts to which reference has been had. Congress had the right to prescribe the pay to be given and the time when the payments were to be made, and to whom in case of death the arrears, if any, should be paid. So, too, it had equal right to determine what bounty should be given the soldier, and to whom, in case of his death before his right thereto accrued, it should be paid. Both are placed on the same footing. In all the preceding legislation of Congress in relation to bounties and pensions, the order of descent and distribution has been fixed in the Act giving bounties and granting pensions, with the obvious design of preventing their becoming, in case of death, a part of the assets of the deceased soldier, and thus liable to his debts. This Congress had an unquestioned right to do. By enlisting, the volunteer entered into a contract, the terms of which had been established by Congress, and to which he assented by the act of his enlistment.

The defendant received the several sums for which this suit is brought, in accordance with the Act to which reference has been had, and is entitled to retain them.

*Plaintiff nonsuit.*

CUTTING, WALTON, DICKERSON, DANFORTH and TAPLEY, JJ., concurred.